UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC </br>                    *Plaintiff* </br> </br>           v. </br> </br> JOHN DOES 1 – 11, </br>                    *Defendants.* | CIVIL ACTION NO. 2:12-cv-07726-KM-MAH </br> </br> MOTION TO QUASH OR MODIFY SUPOENA |

RECEIVED

FEB 1 9 2013

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## TABLE OF CONTENTS

I.  INTRODUCTION..................................................................................................3

II. PROCEDURAL HISTORY AND STATEMENT OF FACTS....................................3

III. LEGAL STANDARD.............................................................................................4

IV. ARGUMENT..........................................................................................................4

    A. The Subpoena Requires Time and Ability to Respond......................................4

    B. The Information and Materials Sought by the Subpoena Are Not Likely to Lead to Admissible Evidence..........................................................................5

    C. The Precedence Against Mass Joinder in Copyright Troll Cases........................6

    D. The Plaintiff Seeks to Avoid Court Costs and Court Altogether........................7

V. CONCLUSION........................................................................................................8

## MOTION OF NONPARTY TO QUASH OR MODIFY SUBPOENA

### I. Introduction

Recently I received a letter from my ISP about a subpoena, which included a copy of the Order Granting Malibu Media, LLC Application for Leave to Take Discovery. I was referred to as John Doe #10 and was a joinder with ten other John Does as committing copyright infringement. In an effort to cut court costs the Plaintiff is suing as many individuals as possible, and is using improper joinder. The Plaintiff's joinder of eleven defendants in this single action is improper and runs the risk of creating unfairness and denying individual justice to those sued. The reason I am filing this motion is to respectfully request that my personal information not be divulged.

### II. Procedural History and Statement of Facts

The Plaintiff, Malibu Media, has invoked Rule 45 to secure the identities of the defendants, John Does 1-11, from their respective internet service providers ("ISPs"). Plaintiff has designated all defendants as "John Does" because Plaintiff does not know their identities. There are eleven John Does in this case, and each of the John Does is identified only by an internet protocol ("IP") address assigned by an ISP which was commenced by the Plaintiff on January 22, 2013. By filing Motions to Serve Third-Party Subpoenas on the ISPs, to Comcast Cable Internet Service, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the subpoenas require the ISPs to provide Plaintiff with the names and addresses, as well as additional identification information, of the John Does, so that Plaintiff can serve each with process to save court costs.

The Court granted Plaintiff's Motions in substance, but imposed a number of conditions on the service of the third-party subpoena. In particular, the Court ordered that the subpoena be

accompanied by a statement of rights under Rule 45 to inform the subscribers of their procedural rights to challenge their obligation to provide the information sought by the subpoena. See Malibu Media, LLC. v. John Does 1-11, No. 12-cv-7726 (KM), ECF No. 4-3. As John Doe #10, I seek to enforce the right recognized by the Court.

### III. Legal Standard

Under New Jersey Rule of Court 1:9-2A, a court may, on motion, quash or modify a subpoena if compliance would be "unreasonable or oppressive." Similarly, R. 4:10-3 permits a target of discovery to seek a protective order shielding him from discovery that would result in "annoyance, embarrassment, oppression, or undue burden or expense." See also Kerr v. Able Sanitary & Env. Services, Inc., 295 N.J. Super. 147, 155 fn4 (App. Div. 1996) (motion to quash discovery subpoena is considered equivalent of motion for protective order).

### IV. Argument

There are four separate grounds to quash the subpoena to Comcast. First, the subpoena requires time and the ability to respond accordingly which is not possible in this case. Second, the subpoena is not reasonably calculated to lead to any admissible evidence. Third, the requirements necessary to apply joinder in this case have not been met. Fourth, Malibu Media does not truly seek to take the case to court, they merely seek to cut court costs to discover the identities of the John Does to settle outside of court.

#### A. The Subpoena Requires Ability to Respond

The Plaintiff looks to use joinder to create a common case against John Does 1-11, but John Does were made aware of the served subpoena but have no ability in which to provide a common defense. The John Does do not have the ability for a practical response because of the reasons, including, but not limited to the following: (i) the likelihood that each John Doe

defendant will assert different defenses, thereby adding factual and legal questions that are not common among all defendants, (ii) the likelihood that many of the John Doe defendants are not the actual individuals who illegally downloaded the motion pictures in question, (iii) the likelihood that joinder will facilitate coercive settlements among the John Doe defendants; and (iv) plaintiff's avoidance of paying filing fees by pursuing mass actions. See, e.g., Malbu Media, LLC v. John Does 1-22, No. 12-cv-3139, ECF No. 17 (E.D. Pa. Aug. 28, 2012) (Savage, J.); Next Phase Distrib., Inc. V. John Does 1-27, No. 12-cv-3755(VM), 2012 WL 3117182 (S.D.N.Y. July 31, 2012); Digital Sins, Inc. v. John Does 1-245, No. 11-cv-8170(CM), 2012 WL 1744838 (S.D.N.Y. May 15, 2012); In re BitTorrent Adult Film Copyright Infringement Cases, Nos. 11-cv-3995, 12-cv-1147, 12-cv-1150, 12-cv-1154, 2012 WL 1570765 (E.D.N.Y. May 1, 2012).

### B. The Information and Materials Sought by the Subpoena Are Not Likely to Lead to Admissible Evidence

What the Plaintiff seeks ultimately is the person or persons who committed the copyright infringement, however, discovery of the names and information of the John Does does not necessarily lead to the information desired. The software used in file sharing such as the BittTorrent software does not work in the manner the Plaintiff may allege, computer-based technology allows nonsubscribers to access a particular IP address and that a mere subscriber to an ISP is not necessarily a copyright infringer. In other words, according to the declaration, there is no reason to assume an ISP subscriber is the same person who may be using BitTorrent to download the alleged copyrighted material.

Although the provision of this information may help identify the proper defendant, the way the technology works, it is not sufficiently tailored to lead to the identification of the

individual as the individual may not have committed the infringement from this address.

### C.   The Precedence Against Mass Joinder in Copyright Troll Cases

Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . .
> Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

*BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

> (1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; and (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used

the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

### D.     The Plaintiff Seeks to Cut Court Costs and Avoid Court Altogether

When Plaintiff receives this information from the ISPs, it contacts the subscribers associated with the IP addresses, usually by letter, advising them of the lawsuits and offering them an opportunity to settle by payment of a monetary sum. If the John Doe defendant who receives the letter agrees to pay, Plaintiff dismisses the complaint against that defendant with prejudice and without any further court proceedings, thus avoiding the public disclosure of the defendant's identity. If the John Doe defendant refuses to settle, or Plaintiff has been unable to serve the complaint within the 120 days required under Rule 4(m) of the Federal Rules of Civil Procedure, subject to any extension granted by the court, with whatever information is provided by the ISP, Plaintiff dismisses the complaint against that defendant without prejudice to Plaintiff's ability to commence a subsequent action against that defendant. In this fashion, Plaintiff has initiated hundreds of lawsuits in various district courts throughout the country, but has not yet proceeded to trial in any case from what I could uncover.

The joinder of multiple John Doe defendants could very well lead to litigation abuses. The purpose of the joinder rules is to promote efficiency, not to use federal district courts as small claims collection agencies, by putting economic pressure on individuals who do not have substantive liability. Judge Colleen McMahon in a similar BitTorrent case: "I am second to none in my dismay at the theft of copyrighted material that occurs every day on the internet. However, there is a right way and a wrong way to litigate, and so far this way strikes me as the wrong way." Digital Sins, Inc. V. John Does 1-245, No. 11-cv-8170(CM), 2012 WL 1744838, at *8 (S.D.N.Y. May 15, 2012).

### V.     Conclusion

Significantly, however, I, John Doe #10 specifically refutes and denies the allegations in

the Complaint and/or Plaintiff's Motion for Leave to Serve Third-Party Subpoenas.

1. For purposes of this Declaration, I remain anonymous and will not disclose name or location.
2. I did not download the alleged video.
3. I operate a Linksys router at my home; this devise is capable of operating two wireless networks simultaneously, and can divide the internet service at my home to multiple wireless internet connected devices.
4. In fact, I use this router to operate two wireless networks – one is a secure network with at least six authorized users; one is an open, unsecured network for the convenience of my guests.
5. My open network allows anyone to connect to my internet service without entering a password.
6. The Linksys router has a range of approximately 100 feet, which would allow many of the neighbors to access my guest network; the radius also reaches to the street in front of and into the area behind my property.

The case I present before the Court raises essentially two separate questions. First, should the motions to quash the third-party subpoenas to the ISPs be granted? Second, is the filing of a single complaint joining multiple John Does proper, or should the Court grant the motions to sever?

In some of these cases, judges have quashed the subpoenas and ordered severance, requiring the plaintiff to file new complaints against each John Doe defendant and proceed against them individually. See, e.g., Malbu Media, LLC v. John Does 1-22, No. 12-cv-3139, ECF No. 17 (E.D. Pa. Aug. 28, 2012) (Savage, J.); K-Beech, Inc. v. John Does 1-36, No. 11-cv-5058, ECF No. 30 (E.D. Pa. Oct. 21, 2011) (Kelly, J.); K-Beech, Inc. v. John Does 1-78, No. 11-cv-5060, ECF No. 13 (E.D. Pa. Oct. 3, 2011) (Schiller, J.). In these cases it was seen fit that the motions to quash should be supported because the use of joinder by the Plaintiffs as in this case is inappropriate and unjust.

Respectfully submitted,
John Doe #10

