Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter Foran Blvd., Suite 402
Flemington, NJ 08822
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1-11,<br><br>Defendants. | CV No. 2:12-cv-07726-KM-MAH |

# PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO QUASH OR MODIFY SUBPOENA [CM/ECF 9]

1

## <u>**TABLE OF CONTENTS**</u>

I. INTRODUCTION ............................................................... 5

II. THIS COURT SHOULD NOT QUASH THE SUBPOENA ........................ 6

 A. Defendant's IP Address Is the Only Way to Identify the Infringer ...... 9

 B. Defendant's Defenses Are Premature At This Stage of the Litigation Process ................................................................................ 10

 C. Plaintiff Intends to Litigate ................................................. 12

III. JOINDER IS PROPER ....................................................... 12

 A. The Infringement Occurred Through a Series of Transactions .......... 13

  i. The Supreme Court Encourages Joinder .................................. 16

 B. There Are Common Issues of Fact and Law ..................................... 18

 C. Joinder Promotes Judicial Efficiency .................................. 19

 D. The Cases Relied Upon By Defendant Have Been Distinguished In Such A Way As Would Make Joinder Proper Here .......................... 20

IV. CONCLUSION ................................................................ 22

2

## TABLE OF AUTHORITIES

AF Holdings LLC v. Does 1-1,058, CIV.A. 12-0048 BAH, 2012 WL 3204917 (D.D.C. Aug. 6, 2012) ........................................................................ 5

BMG Music v. Does 1-203, Case No. 2:04-cv-00650-CN (E.D.P.A. 2004) ....... 21

Call of the Wild Movie v. Does 1-1,062, 770 F. Supp. 2d 332, 344-345 (D.D.C. 2011) .............................................................................................. 19

Call of the Wild Movie, LLC v. Smith, 274 F.R.D. 334, 338 (D.D.C. 2011) ........ 8

Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067, at *6 (E.D. Pa. Mar. 26, 2012) ............................................................................. 8

Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1094 (2d Cir. 1992) ........ 13

Interscope Records, et. al. v. Does 1-25, 2004 U.S. Dist. LEXIS, Case No. 6:04-cv-197 – ACC- DAB (M.D. Fla. 2004) ............................................... 20

K-Beech Inc., v. John Does 1-57, Case 2:11-cv-00358-CEH-SPC,  at*12 (M.D. Fla. 2011) ......................................................................................... 21

K-Beech v. Does 1-78, 5:11-cv-05060-BMS, (E.D. Pa. Oct. 13, 2011) ............. 22

LaFace Records v. Does 1-38, 2008 WL 544992 (E.D.N.C. 2008) ................... 21

Malibu Media, LLC v. John Does 1-15, 2:12-cv-02090-BMS ........................... 22

Malibu Media, LLC v. John Does 1-15, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012) ........................................................... 6, 10, 19, 22

Malibu Media, LLC v. John Does 1–15, No. 12–2077, 2012 WL 3089383, at *8 (E.D.Pa. July 30, 2012) .......................................................................... 8

Malibu Media, LLC v. John Does 1-18, 2:12-cv-02095-LDD (E.D. Pa. Aug. 6, 2012) ................................................................................................ 6

Malibu Media, LLC v. John Does 1-21, 12-CV-00835-REB-MEH, 2012 WL 3590902 (D. Colo. Aug. 21, 2012) ...................................................... 7

Malibu Media, LLC v. John Does 1-22, 2:12-cv-02083-CDJ (E.D. Pa. July 30, 2012) ................................................................................................ 6

Malibu Media, LLC v. John Does 1-5, 12 CIV. 2954 NRB, 2012 WL 3641291 (S.D.N.Y. Aug. 24, 2012) .................................................................. 13

Malibu Media, LLC v. John Does 1-9, 8:12-cv-669-T-23AEP, *4 (M.D. Fla. July 6, 2012) ........................................................................................... 9

Malibu Media, LLC v. John Does No. 1-30, CIV.A. 12-3896-MAS, 2012 WL 6203697 (D.N.J. Dec. 12, 2012) ........................................... 5, 7, 10, 16

Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974) ................. 14

<u>Nu Image, Inc. v. Does 1-3, 932</u>, 2:11-CV-545-FTM-29, 2012 WL 1255189 (M.D. Fla. Apr. 12, 2012)..............................................................................19

<u>Patrick Collins Inc. v. John Does 1-18</u>, 2:11-cv-07252-MSG (E.D. Pa. May 7, 2012) .................................................................................................6

<u>Patrick Collins Inc. v. John Does 1-21</u>, 2:11-cv-05173 BMS, DE 17 (E.D. Pa. Nov. 8, 2011) .................................................................................................22

<u>Patrick Collins, Inc. v. John Does 1-21</u>, CIV.A. 11-15232, 2012 WL 1190840, at *4-5 (E.D. Mich. Apr. 5, 2012) ...................................................15

<u>Patrick Collins, Inc. v. John Does 1-28</u>, 12-13670, 2013 WL 359759 (E.D. Mich. Jan. 29, 2013)..............................................................................16

<u>Patrick Collins, Inc. v. John Does 1-33</u>, 11-CV-02163-CMA-MJW, 2012 WL 415424 (D. Colo. Feb. 8, 2012)...................................................20

<u>Patrick Collins, Inc. v. Matthew Johnston</u>, 2:12-cv-04200-JHS (E.D. Pa. July 24, 2012) ...............................................................................................12

<u>Patrick Collins, Inc. v. Patricia Butler</u>, 2:12-cv-04199-ER (E.D. Pa. July 24, 2012) ...........................................................................................................12

<u>Raw Films v. John Does 1-15</u>, 2012 WL 1019067, at *4 (E.D. Pa. March 26, 2012) ...........................................................................................................17

<u>Raw Films, Ltd. v. John Does 1-15</u>, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012)...........................................................................6, 20

<u>Twentieth Century Fox Film Corp. et. al. v. Does 1-12</u>, Case No. 3:04-cv-04862-WHA, (N.D. Cal. 2004) ....................................................20

<u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 724 (1966) ...................16

<u>United States v. Mississippi</u>, 380 U.S. 128 (1965)..............................................17

<u>Voltage Pictures, LLC v. Does 1-5,000</u>, 818 F. Supp. 2d 28, 35 (D.D.C. 2011).10

<u>W. Coast Productions, Inc. v. Does 1-5829</u>, 275 F.R.D. 9, 16 (D.D.C. 2011).......8

## I.  **INTRODUCTION**

Plaintiff respectfully requests the Court deny Defendant's Motion because Defendant has not provided a valid reason to quash the subpoena and joinder of the Defendants is proper.  "[T]his case involves a copyright owner's effort to protect a copyrighted work from unknown individuals, who are allegedly illegally copying and distributing the work on the Internet."  AF Holdings LLC v. Does 1-1,058, CIV.A. 12-0048 BAH, 2012 WL 3204917 (D.D.C. Aug. 6, 2012).  Plaintiff has suffered great harm due to infringements committed by thousands of residents in this District and has no option but to file these suits to prevent the further widespread theft of its copyright.

Courts in the Third Circuit and throughout the country routinely deny motions like the one before this Court.  The District Court of New Jersey has addressed the same issues in BitTorrent copyright infringement actions, holding that similar motions should be denied because Plaintiff's right to pursue its claim for copyright infringement outweighs any asserted rights to privacy by the Doe defendants and that joinder of the defendants is proper.  See Malibu Media, LLC v. John Does No. 1-30, CIV.A. 12-3896-MAS, 2012 WL 6203697 (D.N.J. Dec. 12, 2012) ("In the absence of this identifying information, Plaintiff would be unable to protect the legitimate interests it has in the named copyrights").

The Eastern District of Pennsylvania has also addressed these issues, explaining that joinder is proper because the conduct arose from the same series of transactions and the defendants have not provided a valid reason to quash the subpoena.  See Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012); Patrick Collins Inc. v. John Does 1-18, 2:11-cv-07252-MSG (E.D. Pa. May 7, 2012); Malibu Media, LLC v. John Does 1-15, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012);  Malibu Media, LLC v. John Does 1-18, 2:12-cv-02095-LDD (E.D. Pa. Aug. 6, 2012); Malibu Media, LLC v. John Does 1-22, 2:12-cv-02083-CDJ (E.D. Pa. July 30, 2012).  "There is extensive case law supporting Plaintiff's actions in this case and precluding the Motion's requested relief.   Plaintiff's copyright infringement action is contemplated by modern law and shall proceed."  Id.

At this stage of the litigation process, Plaintiff has no other option but to file suit against the owners of these IP addresses to obtain the infringers identity.  If this Court were to follow Defendant's rationale, Plaintiff would have no recourse against the mass copyright infringement it suffers on a daily basis.

## II.   THIS COURT SHOULD NOT QUASH THE SUBPOENA

Rule 45(c)(3) provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a non-party to travel more than 100 miles (except for trial within the state); requires disclosure of priviledged

materials; or, subjects a person to undue burden.  See Fed. R. Civ. P. 45(c)(3)(A)(i-iv).  The Rule also provides for circumstances in which a court may modify or quash a subpoena.  These circumstances are when the subpoena requires disclosure of trade secrets; disclosure of certain expert opinions; or, requires a nonparty to incur substantial expense to travel more than 100 miles to attend a trial.  See Fed. R. Civ. P.  45(c)(3)(B)(i-iii).

 "Even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden." Malibu Media, LLC v. John Does 1-21, 12-CV-00835-REB-MEH, 2012 WL 3590902 (D. Colo. Aug. 21, 2012).  "Defendants do not have standing to contest the third-party Subpoenas on the basis of undue burden… This point notwithstanding, Defendants have not proved that the Subpoenas impose an undue burden upon them."  Malibu Media, LLC v. John Does No. 1-30, CIV.A. 12-3896-MAS, 2012 WL 6203697 (D.N.J. Dec. 12, 2012)

Here, Defendant does not seek to quash the subpoena on his claim of privilege, but on the basis of an undue burden.   This is not a valid reason to quash the subpoena when Defendant is a third party and not the recipient of the subpoena.  Indeed, Defendant is not being required to respond to the subpoena or produce any documents himself.  Defendant's motion should be denied on this basis.

Courts across the country have extensively addressed this issue in copyright BitTorrent actions and have held that third party defendants do not have standing to move to quash the subpoena on the basis of undue burden.  See W. Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. 9, 16 (D.D.C. 2011) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought."); Call of the Wild Movie, LLC v. Smith, 274 F.R.D. 334, 338 (D.D.C. 2011) ("the putative defendants face no obligation to produce any information under the subpoenas issued to their respective ISPs and cannot claim any hardship, let alone undue hardship."); Malibu Media, LLC v. John Does 1–15, No. 12–2077, 2012 WL 3089383, at *8 (E.D.Pa. July 30, 2012) (noting that a defendant seeking to quash a subpoena on an internet service provider "is not faced with an undue burden because the subpoena is directed at the internet service provider and not the [d]efendant").

Even if Defendant does have standing to quash the subpoena on the basis of an undue burden, the information Plaintiff seeks is clearly relevant.  In a near identical BitTorrent infringement case, the Eastern District of Pennsylvania concluded, "the information sought is thus highly relevant to the plaintiff's claims." Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067, at *6 (E.D. Pa. Mar. 26, 2012).   The Raw Films court also noted that Fed. R. Civ. P.

8

26(b)(1) permits parties to obtain discovery of "the identity and location of persons who know of any discoverable matter." Id. at *14.  When addressing the issue of whether the infringer is the account holder of the IP address, the Court stated "[t]hese are not grounds on which to quash a subpoena otherwise demonstrated to be proper.  The moving Doe may raise these and any other nonfrivolous defenses in the course of litigating the case." Id.  Here, Plaintiff is only seeking the basic identifying information of the Doe Defendants.  "The information sought by Plaintiff falls squarely within this broad scope of discovery and is therefore warranted in this matter." Malibu Media, LLC v. John Does 1-9, 8:12-cv-669-T-23AEP, *4 (M.D. Fla. July 6, 2012).  "[T]he Court finds that any concern about identifying a potentially innocent ISP customer, who happens to fall within the Plaintiff's discovery requests upon the ISPs, is minimal and not an issue that would warrant the Court to exercise its inherent power to govern these discovery matters by minimizing or prohibiting the otherwise legitimate, relevant, and probative discovery." Id. at *5.

## A.   Defendant's IP Address Is the Only Way to Identify the Infringer

An individual using Defendant's IP Address illegally downloaded Plaintiff's copyrighted work.  Even assuming it was not the Defendant, under the broad discovery provided by the Federal Rules, the subscriber's information is still highly relevant because the subscriber is the most obvious person to identify who has used

9

his or her internet service.  "[E]ven assuming *arguendo* that the subscribers' name and information is not the actual user sought, we are of the opinion that it is reasonable to believe that it will aid in finding the true identity of the infringer and, therefore, we find that it is relevant. This is especially true, as in this case, where there is no other way to identify the proper defendants and proceed with claims against them."  Malibu Media, LLC v. John Does 1-15, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012).  "Defendants' arguments are unpersuasive. The plain language of Rule 26 requires only that the discovery requested be reasonably calculated to lead to discovery of admissible evidence. It does not require, as Defendants suggest, that the identity of the alleged infringer be ascertained with absolute certainty."  Malibu Media, LLC v. John Does No. 1-30, CIV.A. 12-3896-MAS, 2012 WL 6203697 (D.N.J. Dec. 12, 2012).

### B. Defendant's Defenses Are Premature At This Stage of the Litigation Process

Defendant claims the subpoena should be quashed because he has an open wireless and guest access Internet account.  Denials of infringement are not a basis to quash the subpoena and are premature at this point in the litigation process.  See Voltage Pictures, LLC v. Does 1-5,000, 818 F. Supp. 2d 28, 35 (D.D.C. 2011) ("A general denial of engaging in copyright infringement is not a basis for quashing the plaintiff's subpoena.")  The Court in Voltage noted that general denials of liability were not a basis to quash a subpoena and prevent Plaintiff from learning the

identity of the subscriber of the IP address.  If this were the case, Plaintiff would

be denied critical information necessary in order to address the merits of the claim.

> It may be true that the putative defendants who filed motions and
> letters denying that they engaged in the alleged conduct did not
> illegally infringe the plaintiff's copyrighted movie, and the plaintiff
> may, based on its evaluation of their assertions, decide not to name
> these individuals as parties in this lawsuit. On the other hand, the
> plaintiff may decide to name them as defendants in order to have an
> opportunity to contest the merits and veracity of their defenses in this
> case. In other words, if these putative defendants are named as
> defendants in this case, they may deny allegations that they used
> BitTorrent to download and distribute illegally the plaintiff's movie,
> present evidence to corroborate that defense, and move to dismiss the
> claims against them. <u>A general denial of liability, however, is not a
> basis for quashing the plaintiff's subpoenas and preventing the
> plaintiff from obtaining the putative defendants' identifying
> information.</u>

<u>Id.</u>  (Emphasis added.)

Further, Defendant expressly agreed in the Comcast terms and services to

not allow anyone, directly or indirectly, to use his Internet access for unlawful

uses.

> You will not use or permit another to use the Xfinity Equipment or the
> Service(s), directly or indirectly, for any unlawful purpose, including,
> but not limited to, in violation of any posted Comcast policy applicable
> to the Service(s). Use of the Xfinity Equipment or Service(s) for
> transmission, communications or storage of any information, data or
> material in violation of any U.S. federal, state or local regulation or law
> is                                                                                 prohibited.
>
> <u>You acknowledge that you are accepting this Agreement on behalf of
> all persons who use the Xfinity Equipment and/or Service(s) at the
> Premises and that you shall have sole responsibility for ensuring that
> all other users understand and comply with the terms and conditions</u>

of this Agreement and any applicable Comcast policies including, but not limited to, acceptable use and privacy policies. [1]

(emphasis added).   Here, when Defendant expressly agreed to not permit the unlawful use of copyright infringement through his Internet, the Court should not quash the subpoena on the basis of his unsworn statements saying someone else used his Internet to steal Plaintiff's movies.

### C.   Plaintiff Intends to Litigate

Currently, Plaintiff is in the process of naming and serving several Defendants in this district and throughout the country to further litigate its claims against them.  See e.g. Patrick Collins, Inc. v. Patricia Butler, 2:12-cv-04199-ER (E.D. Pa. July 24, 2012); Patrick Collins, Inc. v. Matthew Johnston, 2:12-cv-04200-JHS (E.D. Pa. July 24, 2012).

## III.   JOINDER IS PROPER

Fed. R. Civ. P. 20 permits joinder when plaintiffs "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action."  Rule 20(a) not only permits permissive joinder when there is the same transaction or occurrence, it also

---

[1] See Comcast's Use of Services, ¶7
http://www.comcast.com/Corporate/Customers/Policies/SubscriberAgreem
ent.html.

permits joinder when a Plaintiff has pled (a) "series of transactions or occurrences" or (b) joint or several liability.   Plaintiff has done both here.

"'With the advent of industrialization, high-speed transportation, and urbanization, more intricate disputes appeared with greater frequency,' requiring greater use of the more liberal joinder procedures." Ginett v. Computer Task Group, Inc., 962 F.2d 1085, 1094 (2d Cir. 1992) (quoting 6A Wright, Miller & Kane § 1581).  In light of this idea, the Southern District of New York recently found joinder proper noting that "the nature of the technology compels the conclusion that defendants' alleged transactions were part of the same 'series of transactions or occurrences.'" Malibu Media, LLC v. John Does 1-5, 12 CIV. 2954 NRB, 2012 WL 3641291 (S.D.N.Y. Aug. 24, 2012).  "In sum, BitTorrent is a reciprocal, decentralized network—and a tough nut to crack for copyright holders." Patrick Collins, Inc. v. John Does 1-28, 12-13670, 2013 WL 359759 (E.D. Mich. Jan. 29, 2013).

### A.    The Infringement Occurred Through a Series of Transactions

For the word "series" to have any meaning in Rule 20(a), the rule must permit joinder to be proper when there is something other than a direct transaction. "Series" has been interpreted by Circuit Courts to mean a "logically related" fact pattern.

> [A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a

transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

While the logical relationship test does not require it, should this matter go to trial, Plaintiff will prove that the Defendants' infringement was committed through the same transaction or through a series of transactions with mathematical certainty by demonstrating, *inter alia,* that the algorithm used by BitTorrent Trackers would have caused the entire series of transactions to be different but for each of the Defendants' infringements.

Judge Randon in the Eastern District of Michigan properly analyzed the facts in a near identical case, expending substantial effort to understand the allegations in the complaint and the applicable law.  Judge Randon summarized the plaintiff's allegation asserting that each Defendant copied the same piece of the same file as follows:

Plaintiff alleges that its investigator ("IPP") was able to download at least one piece of the copyrighted Movie from each Defendant (Dkt. No. 1 at 8–10). It is important to understand the implications of this allegation before determining whether joinder is proper. If IPP downloaded a piece of Plaintiff's copyrighted Movie from each Defendant (and, conversely, each Defendant uploaded at least one piece of the Movie to IPP) then each Defendant had at least one piece of the Movie—traceable via Hash Identifier to the same Initial Seeder—on his or her computer and allowed other peers to download pieces of the Movie.

14

By way of illustration: IPP's computer connected with a tracker, got the IP address of each of Defendants' computers, connected with each Defendants' computer, and downloaded at least one piece of the Movie from each Defendants' computer. During this transaction, IPP's computer verified that each Defendants' piece of the Movie had the expected Hash; otherwise, the download would not have occurred.

<u>Patrick Collins, Inc. v. John Does 1-21</u>, CIV.A. 11-15232, 2012 WL 1190840, at *4-5 (E.D. Mich. Apr. 5, 2012).  Significantly, Judge Randon then explained through the force of clear deductive logic that each Defendant obtained the piece of plaintiff's movie in one of four ways all of which relate directly back to one individual seed.

If Plaintiffs allegations are true, each Defendant must have downloaded the piece(s) each had on his or her computer in one, or more, of the following four ways:
1) the Defendant connected to and transferred a piece of the Movie **from the initial seeder;** or
2) the Defendant connected to and transferred a piece of the Movie **from a seeder** who downloaded the completed file from the initial seeder or from other peers; or
3) the Defendant connected to and transferred a piece of the Movie **from other Defendants** who downloaded from the initial seeder or from other peers; or
4) the Defendant connected to and transferred a piece of the Movie **from other peers** who downloaded from other Defendants, other peers, other Seeders, or the Initial Seeder.
In other words, in the universe of possible transactions, at some point, each Defendant downloaded a piece of the Movie, which had been transferred through a series of uploads and downloads from the Initial Seeder, through other users or directly, to each Defendant, and finally to IPP.

<u>Id.</u>  Having limited the universe to four possibilities the court correctly concluded the transaction was logically related.

Therefore, each Defendant is logically related to every other Defendant because they were all part of a series of transactions linked to a unique Initial Seeder and to each other. This relatedness arises not merely because of their common use of the BitTorrent protocol, but because each Defendant affirmatively chose to download the same Torrent file that was created by the same initial seeder, intending to: 1) utilize other users' computers to download pieces of the same Movie, and 2) allow his or her own computer to be used in the infringement by other peers and Defendants in the same swarm.

Id.

### i.      The Supreme Court Encourages Joinder

"Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). "The sensible interpretation of Rule 20 by the United States Supreme Court in *Gibbs* is to promote judicial economy, prevent a multiplicity of lawsuits and reduce inconvenience, delay and added expense." Malibu Media, LLC v. John Does No. 1-30, CIV.A. 12-3896-MAS, 2012 WL 6203697 (D.N.J. Dec. 12, 2012). "[W]hen in doubt, the Supreme Court instructs, join." Patrick Collins, Inc. v. John Does 1-28, 12-13670, 2013 WL 359759 (E.D. Mich. Jan. 29, 2013).

The Honorable Judge McLaughlin addressed this exact issue in a similar BitTorrent copyright infringement action. Judge McLaughlin held joinder was proper even if the Doe defendants did not transmit the pieces directly to each other

because the claims arise out of the same series of transactions.  <u>Raw Films v. John</u>

<u>Does 1-15</u>, 2012 WL 1019067, at *4 (E.D. Pa. March 26, 2012).

> [E]ven if no Doe defendant directly transmitted a piece of the Work
> to another Doe defendant, the Court is satisfied at this stage of the
> litigation the claims against each Doe defendant appear to arise out
> of the same series of transactions or occurrences, namely, the
> transmission of pieces of the same copy of the Work to the same
> investigative server.

<u>Id.</u>

In <u>United States v. Mississippi</u>, 380 U.S. 128 (1965) the Supreme Court

found that the joinder of six defendants, election registrars of six different counties,

was proper because the allegations were all based on the same state-wide system

designed to enforce the voter registration laws in a way that would deprive African

Americans of the right to vote.  Although the complaint did not allege that the

registrars directly interacted with each other, or even that they knew of each other's

actions, or that each other's actions directly affected each other in any way, the

Supreme Court interpreted Rule 20 to hold a right to relief severally because the

series of transactions were related and contained a common law and fact.  <u>Id.</u> at

142-143.

> [T]he complaint charged that the registrars had acted and were
> continuing to act as part of a state-wide system designed to enforce
> the registration laws in a way that would inevitably deprive colored
> people of the right to vote solely because of their color.  On such an
> allegation the joinder of all the registrars as defendants in a single suit
> is authorized by Rule 20(a) of the Federal Rules of Civil Procedure.

Id. at 142.  Indeed, the Supreme Court held all of the defendants were joined properly because they were all acting on the basis of the same system which created a transactional relatedness.

Likewise, in the case at hand, it is not necessary for each of the Defendants to have directly interacted with each other Defendant, or have shared a piece of the file with each and every Defendant when downloading the movie.  The Defendants are properly joined because their actions directly relate back to the same initial seed of the swarm, and their alleged infringement further advances the series of infringements that began with that initial seed and continued through other infringers.  In doing so, the Defendants all acted under the same exact system.  Just as it was not alleged in United States v. Mississippi that the registrars shared with each other their efforts to prevent African Americans from voting, it is not necessary for the Defendants to have shared the pieces of the movie with each other.  It is sufficient that the Defendants shared pieces that originated from the same exact file, and opened their computer to allow others to connect and receive these pieces.

## B.    There Are Common Issues of Fact and Law

Rule 20(a)(2)(B) requires the plaintiffs' claims against the putative defendants to contain a common question of law or fact.  "The Plaintiff meets this requirement.  In each case, the Plaintiff will have to establish against each putative

defendant the same legal claims concerning the validity of the copyrights in the movies at issue and the infringement of the exclusive rights reserved to the plaintiffs as copyright holders." Nu Image, Inc. v. Does 1-3, 932, 2:11-CV-545-FTM-29, 2012 WL 1255189 (M.D. Fla. Apr. 12, 2012). The "factual issues related to how BitTorrent works and the methods used by plaintiffs to investigate, uncover and collect evidence about the infringing activity will be essentially identical for each putative defendant." Call of the Wild Movie v. Does 1-1,062, 770 F. Supp. 2d 332, 344-345 (D.D.C. 2011).

"Here, common questions of law and fact are present. Defendants are all accused of violating the same copyright laws. Additionally, the interconnectedness of using BitTorrent to complete the alleged acts creates common questions of fact. Consequently, we find that this low standard is satisfied." Malibu Media, LLC v. John Does 1-15, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012).

### C.   **Joinder Promotes Judicial Efficiency**

Joinder of the defendants creates judicial efficiency, particularly at this stage of the litigation process and is beneficial to the Doe Defendants. "The Court finds that joinder, at this stage of the litigation, will not prejudice any party and will promote judicial efficiency." Patrick Collins, Inc. v. John Does 1-33, 11-CV-02163-CMA-MJW, 2012 WL 415424 (D. Colo. Feb. 8, 2012).

19

The Eastern District of Pennsylvania has addressed this issue and stated, "consolidating early discovery for the purpose of determining the scope of claims and defenses will foster judicial economy. Should that process reveal disparate defenses as to each party, the Court would consider such a fact relevant on a later review of joinder's propriety." Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012).

### D.   The Cases Relied Upon By Defendant Have Been Distinguished In Such A Way As Would Make Joinder Proper Here

Defendant cites various cases in an effort to avoid joinder.  Some of the cases cited by Defendant, unlike this case, involve multiple Plaintiffs and infringement of multiple copyrights in the same lawsuit.   See (1) Twentieth Century Fox Film Corp. et. al. v. Does 1-12, Case No. 3:04-cv-04862-WHA, (N.D. Cal. 2004), (6 Plaintiffs – 13 songs, see the Complaint at ¶¶ 4-11 and Exhibit A to the Complaint); (2) Interscope Records, et. al. v. Does 1-25, 2004 U.S. Dist. LEXIS, Case No. 6:04-cv-197 – ACC- DAB (M.D. Fla. 2004), (16 Plaintiffs and dozens if not hundreds of songs, see the Complaint at ¶¶ 4-19 and Exhibit A to the Complaint); and (3) BMG Music v. Does 1-203, Case No. 2:04-cv-00650-CN (E.D.P.A. 2004) (17 Plaintiffs and numerous works, see the Complaint at ¶¶ 4-19 & 23).  Since multiple works were at issue in these copyright cases, the Plaintiffs in those cases did not plead that the online infringements were part of the same transaction or series of

transactions or that the defendants in those cases were contributorily liable for each others' infringement.

Here, all of the defendants infringed on one work by Plaintiff, within the same BitTorrent swarm.  As the Middle District of Florida states, "[t]he Court recognizes that each Defendant may later present different factual and substantive legal defenses, but that does not defeat, at this stage of the proceedings, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B)."  K-Beech Inc., v. John Does 1-57, Case 2:11-cv-00358-CEH-SPC, at*12 (M.D. Fla. 2011).

Defendant's citation to LaFace Records v. Does 1-38, 2008 WL 544992 (E.D.N.C. 2008) is also misplaced.  In LaFace, eleven recording studios sued over dozens of copyrights.  The only commonality supporting joinder was that the Defendants used Gnutella, a peer-to-peer file sharing protocol.  Significantly, Gnutella works through one peer to one peer transactions; i.e., a user connects to one computer and gets the whole file.  Here, Plaintiff only sued on one copy of one movie which was broken up into pieces by BitTorrent.  And, Plaintiff alleged that the Defendants were distributing the pieces to each other.  Indeed, BitTorrent works differently than Gnutella insofar as it causes all participants in a swarm to upload pieces of the movie to each other.  Consequently, here, Plaintiff pled that

each of the Defendants is contributorily liable for the infringement of each of the other Defendants.  This is yet another basis to hold that joinder is proper.

Further, Defendant relies on K-Beech v. Does 1-78, 5:11-cv-05060-BMS, (E.D. Pa. Oct. 13, 2011) where the Honorable Schiller severed an early BitTorrent case.  Since this opinion, Judge Schiller has ruled joinder is proper in several BitTorrent infringement suits.  See e.g. Patrick Collins Inc. v. John Does 1-21, 2:11-cv-05173 BMS, DE 17 (E.D. Pa. Nov. 8, 2011) (denying motion to sever); Malibu Media, LLC v. John Does 1-15, 2:12-cv-02090-BMS, DE 13, 16 (denying motion to dismiss and/or sever complaint and motion to quash).  Defendant also relies on Judge Kelly's opinion in K-Beech, Inc. v. John Does 1-36, 11-cv-5058, ECF No. 13 (E.D. Pa. Oct. 21, 2011).  Since that opinion, Judge Kelly has also ruled in favor of Plaintiff and found joinder to be proper.  See Malibu Media, LLC v. John Does 1-15, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012) ("we find that the alleged actions of the Defendants arise from the same transaction, occurrence or series of transactions or occurrences").

IV.   **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

DATED this 4th day of March, 2013

Respectfully submitted,

22

By: /s/*Patrick Cerillo*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/*Patrick Cerillo*