UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Civil Case No. 2:12-cv-07726

Malibu Media LLC

       Plaintiff,

v.

John Does 1-11

**DEFENDANT'S FIRST ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant "Anwar Shihadeh" is identified in Plaintiff's complaint as the Internet Service Provider (ISP) subscriber assigned Internet Protocol ("IP") address 69.142.60.104. I am representing myself *pro se* in this matter before the Court. I understand that *pro se* litigants are required to follow the same rules and procedures as litigants that are represented by attorneys as seen in *Nielson v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994). I will abide by these rules and procedures, but ask the courts indulgence as I'm not a lawyer. I hereby answer the Complaint of Plaintiff Malibu Media, LLC as follows:

**Parties**

1.    Defendant denies all Plaintiff's allegations. Even if the IP address in question was associated with the Wireless Firewall/Router (WFR) or network located at Defendant's residence, those facts still do not give rise to personal jurisdiction over the Defendant. An IP address is not a person, rather it is merely a series of numbers assigned to a computer or device, which can be accessed by multiple individuals over time. Moreover, an IP address can be simulated from a separate location by an unscrupulous individual,

meaning that Plaintiff's software could inadvertently flag an innocent IP address if it is being simulated or spoofed by another.

2. Defendant's ISP can ONLY identify the ISP subscriber (person who pays the ISP bill) and not who allegedly downloaded/shared Plaintiff's movies. Plaintiff infers Defendant is the alleged offender with no other facts than he pays the ISP bill.

## Factual Background

3. Defendant denies the Plaintiff's allegations. Since Plaintiff's agents identified the public IP address associated to Defendant, they have conducted NO additional investigative work to identify the actual infringer. This lack of due diligence is the reason Plaintiff can claim Defendant is the only person who can be identified at this time.

## Defenses

### FIRST DEFENSE
### Rule 12(b)(6), Fed. R. Civ. P.

4. Defendant argues that Plaintiff has failed to state a sufficient factual basis to constitute a cause of action on either count, and therefore requests a dismissal of Plaintiff's Complaint.

5. Because Plaintiff is unable to demonstrate the Defendant committed a volitional act of infringement Plaintiff is wrongfully suing Defendant.

6. Plaintiff is unable to prove that Defendant's alleged activities even constituted an act of infringement because it cannot be demonstrated based on the evidence provided that the Defendant made a complete copy of the work alleged by Plaintiff.

## SECOND DEFENSE
### Failure to Mitigate Damages

7. Plaintiff has made no attempt to mitigate any actual or perceived damages, which Defendant expressly denies; therefore, Defendant requests dismissal of Plaintiff's Complaint because Plaintiff has failed to take the reasonable and necessary steps to mitigate any damages.

## THIRD DEFENSE
### Innocent Infringement

8. Notwithstanding any other defenses disclosed herein or without admitting any conduct alleged by Plaintiff, if Defendant is found liable for infringing Plaintiff's copyrighted material, then Defendant requests that the Court waive or eliminate damages because Defendant constitutes an innocent infringer under the law because other unknown personnel used his Internet connect without his knowledge or consent, thus his actions were not "willful" and he acted in good-faith.

## FOURTH DEFENSE
### Failure to Join an Indispensible Party

9. Defendant asserts the affirmative defense of failure to join an indispensable party, in that Defendant did not engage in any of the downloading and/or infringement alleged by Plaintiff. Defendant was simply the ISP subscriber responsible for paying for Internet access (ISP subscriber) and not the infringer of Plaintiff's works. Plaintiff failed to conduct any significant investigation to truly identify the individual(s) who allegedly engaged in the downloading/sharing in question and who is/are indispensable parties pursuant to Rule 12(b)(7) and 19 of the Federal Rules of Civil Procedure. Plaintiff has simply collected public IP addresses, identified who paid for the Internet service (ISP

subscriber), and then sued them in an effort to obtain a settlement for thousands of dollars. For failing to join the indispensible party, Plaintiff's complaint should be dismissed with prejudice as to Defendant.

DATED: *March 18th*, 2013

Respectfully submitted,
Anwar Shihadeh

By: *[signature]*
Anwar Shihadeh
454 Rose Ave.
Brick, NJ 08724
848-992-1301
andshad@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that on 3/18/2013, I served a copy of the foregoing document, via US Mail, on:

>**Plaintiff's Attorney**
>**Address:**
>
>>Patrick J. Cerillo, Esq.,
>>Patrick J. Cerillo, LLC,
>>4 Walter Foran Boulevard, Suite 402
>>Flemington, NJ 08822

Dated: 3/18/2013                                    Respectfully submitted,

*[signature]*

Anwar Shihadeh
454 Rose Ave.
Brick, NJ 08724
848-992-1301
andshad@comcast.net

From: Anwar Shihadeh
454 Rose Ave.
Brick, NJ 08724

RECEIVED
MAR 20 2013
AT 8:30 _____
WILLIAM T. WALSH, CLERK

7012 3460 0001 3507 0025

CERTIFIED MAIL

TO: Martin Luther King Building
U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101
973-645-3730

U.S. POSTAGE PAID
PT PLEASANT, NJ
08742
MAR 18, 13
AMOUNT
$5.85
00053858-07