<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | : | |
| | : | **Civil Action No.  12-7726 (KM)** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **JOHN DOES 1–11,** | : | **OPINION** |
| | : | |
| **Defendants.** | : | |
| | : | |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court by way of defendant John Doe #10's ("defendant" or "John Doe #10") motion to quash or modify a third-party subpoena ("subpoena"), served by plaintiff Malibu Media, LLC ("plaintiff" or "Malibu Media"), on the Internet Service Provider ("ISP") for John Doe #10 in order to pursue claims for copyright infringement.  (Mot. to Quash, Feb. 19, 2013, ECF No. 9).  On March 4, 2013, plaintiff filed an opposition memorandum. (Opp'n Mem., ECF No. 10).  Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument on this motion.  For the reasons set forth below, the Court denies defendant's motion to quash.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Complaint alleges that Malibu Media is a limited liability company organized and existing under the laws of California with its principal place of business in California.  (Compl. ¶ 6, Dec. 19, 2012, ECF No. 1).  Malibu Media owns certain United States Copyright

Registrations, and each registration covers a separate motion picture (collectively, the "Works"). (Id. ¶ 11).  Plaintiff brings suit under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et. seq., alleging that each defendant is liable for copyright infringement in violation of 17 U.S.C. §§ 106 and 501.  (Id. ¶¶ 1–2).  Specifically, plaintiff contends that it did not authorize, permit, or consent to defendants' copying of its Works.  (Id. ¶ 46).

Plaintiff retained computer investigator IPP, Limited, to identify the Internet Protocol ("IP") addresses "used by those people that are using the BitTorrent protocol and the [I]nternet to reproduce, distribute, display or perform [plaintiff's] copyrighted Works."[1]  (Id. ¶ 34).  Each of defendants' allegedly infringing acts occurred using an IP address, identified by IPP, which can allegedly be traced to a physical address located within the District of New Jersey.  (Id. ¶ 4; see Exh. A to Compl., ECF No. 1-2).  Each defendant is known to plaintiff only by its respective IP address, which is assigned by an ISP.  (Id. ¶¶ 7–8).  Plaintiff alleges the ISP to which each defendant subscribes can correlate the defendant's IP address to the defendant's true identity. (Id. ¶ 9).

Thus, on January 11, 2013, plaintiff filed a motion to expedite discovery to permit it to serve third-party subpoenas on each ISP so that plaintiff could obtain information about the identity of the eleven persons or entities to whom the specific IP addresses are assigned.  (Mot. for Discovery, ECF No. 4).  On January 22, 2013, this Court issued an oral opinion and an Order

---

[1] Plaintiff alleges that BitTorrent "is one of the most common peer-to-peer file sharing protocols (in other words, set of computer rules) used for distributing large amounts of data . . . . The BitTorrent protocol's popularity stems from its ability to distribute a large file without creating a heavy load on the source computer and network.  In short . . . the Bit Torrent protocol allows users to join a 'swarm' of host computers to download and upload from each other simultaneously (one computer connected to numerous computers)."  (Id. ¶¶ 12–13).

granting the motion.[2]  (Order, ECF No. 6).  Subsequently, plaintiff voluntarily dismissed with

prejudice John Does #1, 2, and 7 from the action.  (ECF Nos. 11, 12, 14).

On February 19, 2013, John Doe #10 filed the instant motion to quash or modify the

Subpoena.  (Mot. to Quash, ECF No. 9).  Specifically, John Doe #10 alleges that the

requirements necessary to apply joinder of defendants have not been met in this case.  (Id. at 4).

Plaintiff, however, contends that each defendant was properly joined because

> (a) each of the Defendants is jointly and severally liable for the
> infringing activities of each of the other Defendants, and (b) the
> infringement complained of herein by each of the Defendants was
> part of a series of transactions, involving the exact same torrent file
> containing of Plaintiff's copyrighted Works, and was accomplished
> by the Defendants acting in concert with each other, and (c) there
> are common questions of law and fact.

(Compl. ¶ 10, ECF No. 1).

John Doe #10 counters that the subpoena is not reasonably calculated to lead to any

admissible evidence, and that plaintiff seeks merely to "cut court costs to discover the identities

of the John Does to settle outside of court."  (Mot. to Quash at 4, ECF No. 9).  Accordingly,

defendant requests that this Court quash the third-party subpoena.

## II.  DISCUSSION

"The party seeking to quash the subpoena bears the burden of demonstrating that the

requirements of Rule 45 are satisfied."  Malibu Media, LLC v. Doe, 2012 U.S. Dist. LEXIS

105768, at *12 (E.D. Pa. July 30, 2012) (citing City of St. Petersburg v. Total Containment, Inc.,

No. 07-191, 2008 U.S. Dist. LEXIS 36735, at *2 (E.D. Pa. 2008)).  Indeed, Federal Rule of Civil

---

[2] The Court, however, ordered that "nothing in this Order prevents any appropriate party from moving to quash."  (Order at 2, ECF No. 6).

Procedure 45(c)(3) sets forth the circumstances under which the Court must or may quash a

subpoena.  It provides in pertinent part:

> (c) Protecting a Person Subject to a Subpoena
>
> . . . .
>
> (3) Quashing or Modifying a Subpoena.
>
>> (A) When Required.  On timely motion, the issuing court must quash or modify a subpoena that:
>>> (i) fails to allow reasonable time to comply;
>>> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . . ;
>>> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>>> (iv) subjects a person to undue burden.
>>
>> (B) When Permitted.  To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
>>> (i) disclosing a trade secret or other confidential research, development, or commercial information;
>>> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; . . . .

Fed. R. Civ. P. 45(c)(3).

The party seeking to quash the subpoena has the "heavy burden" of production and

persuasion.  Malibu Media, LLC v. Does, 2012 U.S. Dist. LEXIS 175919, at *6 (D.N.J. Dec. 12,

2012) (citing Dexter v. Cosan Chem. Corp., 2000 U.S. Dist. LEXIS 22134, at *7–8 (D.N.J. Oct.

24, 2000)).  Here, John Doe #10 presents four grounds as to why this Court should grant the

motion to quash: 1) the subpoena requires time and the ability to respond accordingly, which is

4

not possible in this case; 2) the subpoena is not reasonably calculated to lead to any admissible evidence; 3) the requirements necessary to apply joinder in this case have not been met; and 4) Malibu Media does not truly seek to litigate the case, but rather seeks merely to cut court costs, discover the identities of the John Does, and facilitate an out-of-court settlement. (Mot. Quash at 4, ECF No. 9). The Court finds that defendant's first and third arguments as to why it should quash the third-party subpoena are largely the same, and each of his allegedly independent arguments are insufficient to support a motion to quash. Further, the Court notes that defendant does not cite to a specific part of Rule 45 or use the language therein to explain why the motion should be granted. As such, the Court is unpersuaded by each ground upon which defendant bases the instant motion to quash.

**A.**      **Joinder is Permissible**

First, defendant argues that the subpoena requires time and "the ability to respond accordingly," which he alleges is not possible in the instant matter.[3] (Mot. to Quash at 4, ECF No. 9). Specifically, defendant contends that plaintiff used joinder to create a common case against John Does 1–11, but that these defendants have no ability to provide a common defense. As stated above, the Court finds that defendant's argument here is functionally the same as defendant's third argument, which asserts that the requirements necessary to apply joinder have not been met. Therefore, the Court will address these two grounds together.

Joinder of defendants is permissible if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction,

---

[3] To be clear, the subpoenas that plaintiff sought in the application for expedited discovery and that the Court authorized were directed to the Internet service providers. See Order, Jan. 22, 2013, ECF No. 6, at 1.

occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Other courts have addressed whether joinder of "tens and sometimes hundreds or thousands of unnamed defendants in these [BitTorrent] cases is proper," but the holdings have been inconsistent.  See Media Prods. v. Does, 2012 U.S. Dist. LEXIS 125366, at *3–4 (S.D.N.Y. Sept. 4, 2012) (acknowledging the split in the district courts regarding this question of joinder); Next Phase Distrib., Inc. v. Does 1–27, 284 F.R.D. 165, 168 (S.D.N.Y. July 31, 2012) (discussing the "large number of civil actions about the illegal trading of pornographic films on BitTorrent" filed in federal courts across the country, which have led to inconsistent holdings regarding whether defendants who downloaded the same file can be properly joined; and further stating "[w]ithin this District alone, judges have reached different conclusions").  This Court has been unable to locate any circuit court decisions addressing the issue.  See Third Degree Films, Inc. v. Doe, 2012 U.S. Dist. LEXIS 59233, at *5 (D. Md. Apr. 27, 2012) ("District courts across the country are split regarding the question of whether joinder of unidentified defendants is appropriate in light of allegations of file-sharing of copyrighted works using BitTorrent, and no circuit court has yet addressed the issue.").

Despite the lack of clear precedential authority, Third Circuit courts generally, though not conclusively, favor a liberal interpretation of the joinder rules.  See Malibu Media, 2012 U.S. Dist. LEXIS 175919, at *23–24 (finding joinder appropriate because defendants allegedly participated in the same transaction or occurrence that gave rise to the alleged infringement); Malibu Media, 2012 U.S. Dist. LEXIS 105768, at *11 (finding common questions of law and fact were present, and thus joinder appropriate, when defendants were accused of violating the

same copyright laws); <u>Raw Films, Ltd. v. Does</u>, 2012 U.S. Dist. LEXIS 41645, at *8 (E.D. Pa. Mar. 26, 2012) (finding joinder appropriate based on the plaintiff's characterizations of the nature of the BitTorrent technology and the allegations against each Doe defendant). Such liberal interpretation of the joinder rules is consistent with Federal Rule of Civil Procedure 1, which provides each rule should be "construed and administered to secure the just, speedy, and inexpensive determination of every action or proceeding." Fed. R. Civ. P. 1. The Supreme Court has stated that "joinder of claims, parties and remedies is strongly encouraged." <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 724 (1966); <u>see</u> also <u>Hagan v. Rogers</u>, 570 F.3d 146, 152 (3d Cir. 2009).

Here, John Doe #10 alleges that defendants lack the ability to respond to the litigation collectively, and will likely assert different defenses, because it is likely that many of the defendants are not the actual individuals who illegally downloaded the Works, and because there will be factual and legal questions that are not common among all defendants. However, given that Third Circuit courts liberally construe the joinder rules, the Court finds that plaintiff has adequately alleged that defendants participated in the same series of transactions or occurrences (*i.e.*, copying plaintiff's Works without consent) that gave rise to the infringement alleged in the Complaint.[4] <u>See</u> <u>Malibu Media</u>, 2012 Dist. LEXIS 175919, at *16 (holding the "plain language

---

[4] Other courts in similar cases recently have severed John Doe defendants or granted motions to quash subpoenas. <u>See</u> <u>Malibu Media, LLC v. John Does 1-19</u>, Civ. No. 12-6945-MAS-DEA, ECF No. 23 (D.N.J. Mar. 28, 2013) (severing and dismissing plaintiff's claims against all defendants, except John Doe #1, because of the court's concern regarding its "ability to efficiently manage the pretrial phases of this action with [nineteen] defendants . . . causing a strain on judicial resources" and because of its concern regarding "the requisite causal connection needed to support permissive joinder under Rule 20"); <u>Amselfilm Productions GMBH & CO. KG v. SWARM 6A6DC</u>, Civ. No. 12-3865-FSH-PS, ECF No. 12 (D.N.J. Oct. 10, 2012)

(continued...)

---

[4](...continued)

(severing and dismissing plaintiff's claims against all defendants, except John Doe #1, and quashing all subpoenas issued to the ISPs for all defendants other than John Doe #1, because the court found it "probable that different people within the swarm never distribute[d] a piece of the work to the same person, or at the same moment in time," and because the court anticipated a "severe strain on judicial resources" given that plaintiff had sued 187 defendants); Patrick Collins, Inc. v. John Does 1-43, Civ. No. 12-3908-KSH-PS, ECF No. 32 (D.N.J. Feb. 15, 2013) (dismissing plaintiff's claims against all defendants, except John Doe #1, and quashing subpoenas issued to the ISPs for all defendants other than John Doe #1, to "promote case-management efficiency, judicial economy, and fairness").

In examining these decisions, the Court finds that two prevailing rationales have led courts to dismiss plaintiff's claims, sever John Doe defendants, or grant motions to quash subpoenas issued to ISPs: (1) a determination that, for joinder to be appropriate, a plaintiff "must show a more definite connection between participants in the swarm, namely that the group of defendants sought to be joined have directly participated in the same transaction," see Amselfilm Productions, Civ. No. 12-3865, ECF No. 12 at 2–3 n.3; and (2) a determination that a large number of John Doe defendants would present case management problems and render discovery unwieldy.  With respect to the second rationale, those case-management concerns do not exist in this case sufficient to warrant quashing the subpoenas.  Plaintiff named only eleven John Doe defendants, and it has voluntarily dismissed with prejudice three of them.  (See ECF Nos. 11, 12, 14).  Thus, only eight defendants remain.  Accordingly, the Court is not persuaded that it must quash the subpoena or exercise its inherent authority to sever the defendants in order to conserve judicial resources.  Contra Malibu Media, Civ. No. 12-6945, ECF No. 23 (denying permissive joinder because such joinder of nineteen defendants would strain judicial resources); Amselfilm Productions, Civ. No. 12-3865, ECF No. 12 (denying permissive joinder where there were 187 John Doe defendants); Amselfilm Productions GMBH & CO. KG v. SWARM BB012, Civ. No. 12-3864-FSH-PS, ECF No. 29 (D.N.J. Oct. 10, 2012) (denying permissive joinder where there were 997 John Doe defendants); Century Media LTD. v. SWARM D1BF1, Civ. No. 12-3867-FSH-PS, ECF No. 10 (denying permissive joinder where there were 2192 John Doe defendants).

With respect to the first rationale, the Court concludes that the record is not sufficiently developed at this early stage in the litigation to allow an informed ruling on whether plaintiff must show a more precise causal connection between the John Doe defendants to ensure that joinder is appropriate and that Rule 20(a)(2)(A) is satisfied.  At this stage, and absent a challenge by defendants, the Court must accept as true the well pleaded allegations of the Complaint.  The Complaint alleges that "the infringement complained of herein by each of the Defendants was part of a series of transactions, involving the same exact torrent file containing of Plaintiff's copyrighted Works, and was accomplished by the Defendants acting in concert with each other . . . ." (Compl. ¶ 10, ECF No. 1).  The Court notes, however, that it maintains its inherent authority to revisit potential misjoinder at a later stage of the proceedings, see infra, and that each party

(continued...)

of Rule 26 requires only that the discovery requested be reasonably calculated to lead to

discovery of admissible evidence.  It does not require, as Defendants suggest, that the identity of

the alleged infringer be ascertained with absolute certainty").  Therefore, plaintiff has satisfied

the first requirement for permissive joinder pursuant to Rule 20(a)(2)(A), namely, that its right to

relief arises out of the same series of transactions or occurrences.[5]

---

[4](...continued)
may file a motion to challenge the propriety of joinder upon further discovery, which will aid the
Court in making such a determination.

[5] It is worth noting that in a case with similar factual allegations and claims, the District
Court adopted the Magistrate Judge's Report and Recommendation, see Patrick Collins, Inc. v.
Doe, 282 F.R.D. 161 (E.D. Mich. Apr. 5, 2012), and denied the John Doe defendants' motion to
quash a subpoena.  Patrick Collins, Inc. v. John Does 1–21, 286 F.R.D. 319 (E.D. Mich. Sept. 28,
2012).  It found joinder appropriate at the early stage of litigation, given that the plaintiff was
"asserting a right against the Defendants that appear[ed], given the technology involved, to occur
in the same series of transactions and involve common questions of law with respect to each
Defendant."  Id. at 321.  In finding that the plaintiff's right to relief arose out of the same series
of transactions or occurrences, the District Court noted that "a concert of action is not a
prerequisite of joinder."  Id. at 322.  Rather, the District Court found joinder appropriate
"because the claims against all Defendants are logically related and the Defendants, as members
of the same BitTorrent swarm, participated in the same series of transactions or occurrences by
uploading or downloading a piece of the same seed file."  Id.; see Patrick Collins, 282 F.R.D. at
165 (explaining that the John Doe defendants, by virtue of being part of the same swarm, are
sufficiently related to one another so as to support permissive joinder, considering "at some
point, each Defendant downloaded a piece of the [copyrighted work], which had been transferred
through a series of uploads and downloads from the Initial Seeder, through other users or
directly, to each Defendant, and finally to IPP").

Like the John Doe defendants in Patrick Collins, the Complaint in this matter alleges that
defendants used the BitTorrent protocol to illegally copy plaintiff's Works.  (Compl. ¶¶ 1–2, ECF
No. 1).  Thus, the Complaint adequately alleges, at least at this stage of the litigation, that
defendants participated in the same series of transactions or occurrences – that is, that defendants
are logically related to one another "not merely because of their common use of the BitTorrent
protocol, but because each Defendant affirmatively chose to download the same Torrent file that
was created by the same initial seeder, intending to: 1) utilize other users' computers to
download pieces of the [Works], and 2) allow his or her own computer to be used in the
infringement by other peers and Defendants in the same swarm."  Patrick Collins, 282 F.R.D. at
(continued...)

In addition, the Court concludes that plaintiff has satisfied the second requirement for permissive joinder because it is likely that the claims and defenses "will feature largely duplicative proof regarding the nature of BitTorrent, the plaintiff's ownership interest in the copyright of the Work, and forensic investigation conducted by the plaintiff." Raw Films, 2012 U.S. Dist. LEXIS 41645, at *4.  As such, plaintiff has satisfied the commonality requirement, and joinder is appropriate.  See Fed. R. Civ. P. 20(a)(2)(B); Malibu Media, 2012 U.S. Dist. LEXIS 175919, at *25 (holding that Rule 20(a)(2)(B)'s commonality requirement is a "lax standard whose 'threshold' has been described as 'very low'" (quoting Malibu Media, 2012 U.S. Dist. LEXIS 105768, at *4)).

Joinder also serves to consolidate "early discovery for the purpose of determining the scope of claims and defenses," which fosters judicial economy.  Raw Films, 2012 U.S. Dist. LEXIS 41645, at *14.  If the discovery process reveals disparate defenses as to each defendant, or reason to believe that defendants did not participate in the same transaction giving rise to the alleged infringement, the Court may, on motion or pursuant to its inherent power, reconsider joinder's propriety at a later stage of the proceedings.  See Fed. R. Civ. P. 20(b), 21, and 42(b); Adams v. City of Camden, 461 F. Supp. 2d 263, 271 (D.N.J. Nov. 8, 2006) (using discretion under Rule 21 to dismiss claims against all unnamed defendants); Raw Films, 2012 U.S. Dist. LEXIS 41645, at *14 ("The Rules grant the Court authority to revisit the issue of misjoinder at a later point in the case, either by motion or sua sponte."); Malibu Media, 2012 U.S. Dist. LEXIS 175919, at *26 (finding it a "sensible approach" to initially permit joinder and allow individual

[5](...continued)
165.  As stated elsewhere in this Opinion, however, the Court and defendants may revisit the issue of joinder at a later date.

defendants, once named and served, to challenge the appropriateness of said joinder at a later time in the case).  Accordingly, the Court cannot find that John Doe #10 is prejudiced by joinder at this time.  See Malibu Media, 2012 U.S. Dist. LEXIS 175919, at *24 ("[N]o individual Defendant will be prejudiced by joinder at this stage in the proceeding.  To the contrary, all Defendants may benefit from joinder by permitting them to obtain the same discovery from the plaintiff or allowing them to see any defenses raised by other Doe defendants.") (internal citation and quotation marks omitted).  Rather than prejudicing any party, the Court finds that joinder is appropriate at this early stage of litigation to facilitate discovery and ensure efficiency of judicial proceedings.  See id. at *25.

Further, "improper joinder is not a basis for quashing a subpoena under [Rule] 45."  Id. at *8 n.5.  As a result, even if the Court were to agree with defendant that joinder is improper, severance, rather than quashing the subpoena, would be the appropriate remedy.  Though the Court may sever defendants on its own, see Fed. R. Civ. P. 21, it declines to do so at this early procedural stage, and given that only eight defendants remain in the case.  The Court determines that plaintiff has met the requirements necessary to apply joinder, at least at this stage in the proceedings.  Thus, defendant is not entitled at this point to the specific relief sought in his motion to quash.

**B.    The Information Sought by the Subpoena Is Relevant under Federal Rule of Civil Procedure 26**

Second, defendant argues that "the way the technology works, [the subpoena] is not sufficiently tailored to lead to the identification of the individual as the individual may not have committed the infringement from this address."  (Mot. to Quash at 6, ECF No. 9).  Therefore,

11

defendant contends that the information sought by the third-party subpoena served on the ISP is not likely to lead to any admissible evidence.

This argument is unpersuasive.  The Complaint alleges that the defendants' IP addresses were used to commit the alleged infringement.  (Compl., ECF No. 1, ¶¶ 37–40 & Exh. A).  The subpoenas seek the identities of the individuals to whom the IP addresses were registered on the dates of the alleged infringement.  Therefore, "there is no other way to identify the proper defendants and proceed with the claims against them[.]" Malibu Media, 2012 U.S. Dist. LEXIS 105768, at *10.  Nor has defendant provided evidence to suggest that plaintiff may determine the identities of the alleged infringers through other available means.  Applying the liberal standards of Federal Rule of Civil Procedure 26, the Court cannot find that the information sought by the subpoenas is irrelevant.  Although the information sought by the subpoenas might not be dispositive of the true identities of the alleged infringers, it is reasonably calculated to lead to the discovery of information necessary to allow plaintiff to ascertain their true identities.  Id. at *24 ("[D]iscovery in federal litigation is broad.  Discovery may be obtained regarding any unprivileged matter if it is relevant to the claim or defense of any party.  Discovery is not confined to admissible evidence, rather it includes any information that is reasonably calculated to lead to admissible information.") (internal citations omitted); see also Patrick Collins, Inc. v. Doe, 2013 U.S. Dist. LEXIS 13414, at *11 (E.D. Pa. Jan. 31, 2013) (holding that plaintiff showed that obtaining the subscriber information possessed by the ISP was the only reasonable means of discovering the identities of the subscribers whose IP addresses were used to commit the alleged infringements).  Thus, the Court finds that plaintiff may obtain the information sought by the third-party subpoena, and it denies defendant's motion to quash on this basis.

It is certainly possible that, as defendant alleges, a subscriber is not the alleged infringer. Courts in other cases have addressed this possibility.  See, e.g., Third Degree Films, Inc. v. John Does 1-110, Civ. No. 12-5817 (WJM)(MF), 2013 U.S. Dist. LEXIS 27273, at *5 (D.N.J. Jan. 17, 2013) ("In some instances, the IP subscriber and the John Doe defendant may not be the same individual.  Indeed, the infringer might be someone other than the subscriber; for instance, someone in the subscriber's household, a visitor to the subscriber's home or even someone in the vicinity that gains access to the network.") (citing VPR Internationale v. Does 1-1017, No. 11-2068, 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011)).  But that possibility does not render irrelevant the information sought by the subpoena under the broad scope of Rule 26.  For example, even if the information itself is not admissible evidence because the subscriber is not the alleged infringer, the information might lead to the discovery of other admissible evidence pertaining to the identity of the alleged infringer.  See Malibu Media LLC v. John Does 1-15, 2012 WL 3089383, at *10 (E.D. Pa. July 30, 2012) ("Here, assuming arguendo that the subscribers' name and information is not the actual user sought, we are of the opinion that it is reasonable to believe that it will aid in finding the true identify of the infringer and, therefore, that it is relevant.  This is especially true, as in this case, where there is no other way to identify the proper defendants and proceed with the claims against them.").  As such, the information sought by the subpoena here is relevant under Rule 26.

Additionally, the Court's January 22, 2013, Order specifically provided as follows:

> [I]f the Plaintiff files an Amended Complaint to substitute a John Doe defendant with the proper name of a defendant, then Plaintiff shall ensure it has sufficient factual basis for any assertions made.  By permitting this discovery, the Court is **not** finding that Plaintiff may rely solely on the fact that the person identified as the subscriber is

13

> associated with the internet protocol address to prove that such a
> person engaged in the conduct alleged in Plaintiff's complaint.

Order, Jan. 22, 2013, ECF No. 6, at 2 (emphasis added).  Therefore, plaintiff is on notice that it

must ensure that there exists a sound factual basis to name an actual defendant before doing so,

and that the Court has not authorized plaintiff to rely solely on the subscriber's association with

the IP address to supply that basis.

### C.    Plaintiff is Entitled to Pursue its Claims of Infringement

Finally, defendant argues the Court should quash the third-party subpoena because

plaintiff does not truly seek to take the case to court.  Rather, defendant contends that plaintiff

seeks merely to cut court costs to discover the identities of the John Doe defendants in an attempt

to force an out-of-court settlement.  Defendant argues that plaintiff's suit "will facilitate coercive

settlements among the John Doe defendants, and [plaintiff seeks to avoid] paying filing fees by

pursuing mass actions."  (Mot. to Quash at 5, ECF No. 9).  Defendant cites to several cases from

other jurisdictions to support his position.  For example, one court explained

> [t]hese lawsuits run a common theme: plaintiff owns a copyright to
> a pornographic movie; plaintiff sues numerous John Does in a
> single action for using BitTorrent to pirate the movie; plaintiff
> subpoenas the ISPs to obtain the identities of these Does; if
> successful, plaintiff will send out demand letters to the Does;
> because of the embarrassment, many Does will send back a
> nuisance-value check to the plaintiff. . . .  The Court will not idly
> watch what is essentially an extortion scheme, for a case that
> plaintiff has no intention of bringing to trial.

Malibu Media, LLC v. Doe, 2012 U.S. Dist. LEXIS 89286, at *9 (C.D. Cal. June 27, 2012).

To be clear, the Court certainly does not condone the use of this litigation, and any

attendant threat of embarrassment, to coerce any defendant to settle.  As noted above, the

14

January 22, 2013, Order requires plaintiff to ensure it has an adequate factual basis before seeking to file an Amended Complaint naming any proper defendant, and that the Court, by granting plaintiff's request for expedited discovery, has not authorized plaintiff to rely solely on the subscriber's association with the IP address to supply that basis.

But the record to date does not demonstrate that plaintiff has engaged in such tactics.  At this stage in the litigation, plaintiff has sufficiently asserted the right to pursue its claims of infringement, and has established that the information sought is relevant under Rule 26. Therefore, the Court must deny defendant's application to quash the subpoena on that basis. Moreover, to the extent defendant seeks dismissal of the action, that is beyond the jurisdiction of the Undersigned, and defendant may seek that relief only from the district judge.

## III.   CONCLUSION

For the reasons stated herein, defendant's motion to quash (ECF No. 9) is denied.  The Court will issue an order consistent with this Opinion.

Michael A. Hammer
UNITED STATES MAGISTRATE JUDGE

Date: April 11, 2013